Alisa A. Martin, State Bar No. 224037
**AMARTIN LAW, PC**
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 308-6880
Facsimile: (619) 308-6881

Lindsay C. David, State Bar No. 283267
**SAN DIEGO COUNTY LAW OFFICES**
2173 Salk Avenue, Suite 250
Carlsbad, California 92011
Telephone: (760) 206-3566
Facsimile: (760) 888-3575

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN OTICO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN AIRLINES, INC. a Delaware Corporation,<br><br>Defendant. | CASE NO.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**1.** FAILURE TO PAY MINIMUM WAGES (FLSA)<br>**2.** FAILURE TO OVERTIME (FLSA)<br>**3.** FAILURE TO PAY HOURLY WAGES (CAL. LABOR CODE)<br>**4.** FAILURE TO PAY OVERTIME (CAL. LABOR CODE)<br>**5.** FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (CAL. LABOR CODE)<br>**6.** FAILURE TO PAY FINAL WAGES (CAL. LABOR CODE)<br>**7.** UNLAWFUL BUSINESS PRACTICES (CAL. BUS & PROF CODE)<br><br>**[DEMAND FOR JURY TRIAL]** |

# I.

## NATURE OF ACTION

**1.** Otico brings this wage-and-hour collective and class action, individually and on behalf of similarly situated individuals, to seek redress for Hawaiian Airline, Inc.'s ("HA") failure to compensate individuals for the time they spent attending Airport Customer Service Trainings, or any other training program, including training that HA refers to as "pre-employment" training.

**2.** Because HA did not treat these individuals ("Trainees") as employees and pay them for training time, it violated the Federal Fair Labor Standards Act ("FLSA"), the California Labor Code, and applicable regulations by failing to pay minimum wages and overtime.

**3.** Thus, Otico seeks collective and class-wide unpaid wages, penalties, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, as well as injunctive relief.

# II.

## JURISDICTIONAL STATEMENT

### Jurisdiction

**4.** This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, the Class Action Fairness Act of 2005, because the amount in controversy exceeds $5 million and because minimum diversity is met since at least one party (Otico) is diverse from HA.  Otico is a California resident and HA is headquartered in Hawaii and incorporated in Delaware.

**5.** This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) over Otico's FLSA claim.

**6.** This Court also has supplemental jurisdiction over Otico's state-law claims pursuant to 28 U.S.C. § 1367.

### Venue

**7.** Venue in this Court is proper because Otico regularly conducts business and employs employees throughout the country, including San Francisco.

**Intradistrict Assignment**

8. A substantial part of the events giving rise to the claims asserted herein occurred in Alameda County. This is a wage-and-hour collective and class action subject to district-wide assignment pursuant to Civil Local Rule 3-2(c).

## III.

## PARTIES

9. Otico is an individual residing in Union City, California who attended a mandatory HA training session held in Oakland, California.

10. HA is a large passenger airline carrier. HA is incorporated in Delaware and headquartered in Honolulu, Hawaii corporation. HA does business and employs individuals throughout California and the United States. HA's alleged acts were authorized, directed or accomplished by its agents, officers employees or representatives, while actively engaged in the operation and management of its business.

## IV.

## FACTUAL BACKGROUND

11. HA provides air travel from North America, Asia, and the South Pacific to Hawaii. Otico applied for a customer service position with HA around October 2015 and was interviewed for the position in December 2015.

12. After completing the interview process, HA informed Otico that she was required to attend a mandatory training program, which was offered at various locations across the country. Otico registered for the program held in December 2015 at Oakland Airport.

13. Before the program started, HA sent Otico a welcome packet. The packet stated that the training program was approximately 10 days long, Monday through Saturday, from 8:30 a.m. to 5:00 p.m. It further stated that it was mandatory to attend all training days in their entirety. The packet also stated that Trainees were required to review and study course material outside of class to prepare for quizzes and tests. The packets also stated that the training program covered, among other things, customer service functions and airport facilities.

14. Otico attended the training program. She spent time in class, as well as around 1

1  hour reviewing the Welcome Packet materials and another 3-4 hours studying after each class.

2      **15.**    Otico terminated her employment at HA in March 2016.

3      **16.**    At no time did HA compensate Otico for any of the time she spent studying for and attending the program. Yet California and federal law requires HA to pay at least minimum wage and overtime for the training and studying time — regardless if HA refers to it as pre-employment training — because, among other things, attendance was mandatory, the course material was related to the Trainee's job, and attendance was during regular working hours.

    **17.**    Based on information, belief, and personal knowledge, all other Trainees were similarly situated to Otico because they were required to attend a training program and not paid for the training or study time.

    **18.**    As a result of the unpaid wages, HA failed to provide Trainees who attended training in California or who otherwise worked in California, with accurate wage statements in violation of Labor Code §226 and pay all final wages owed to terminated Trainees under the Labor Code § 203.

## V.

## COLLECTIVE AND CLASS ALLEGATIONS

    **19.**    This lawsuit is brought on behalf of the following collective and class (together referred to as classes):

    **a. FLSA Collective**

    All persons who Hawaiian Airlines, Inc. required to attend its Airport Customer Service Training or any other type of training, including training referred to as "pre-employment" training, at any time within three years of opting in to the lawsuit, and were not compensated for that time.

    **b. California Class**

    All persons who Hawaiian Airlines, Inc. required to attend its Airport Customer Service Training or any other type of training, including training referred to as "pre-employment" training, at any time within four years from the date of filing this lawsuit, and were not compensated for that time.

    **c. California Subclass**

  All California Class members formerly employed by Hawaiian Airlines, Inc.

  **20.** **Numerousity**: The classes are so numerous that joinder of all members is impracticable.  Although the precise number is unknown, and the facts are presently within HA's sole knowledge, there are at least several hundred Trainees thereby making the class sufficiently numerous to warrant certification.

  **21.** **Commonality**: There are questions of law or fact common to the classes that predominate over any questions affecting individual members.  Those questions include: whether HA is required to compensate Otico and the classes minimum wages and overtime for training and studying time under FLSA and the California Labor Code.

  **22.** **Typicality**:  Otico's claims are typical of the classes' claims because they all attended HA Trainees and sustained damages, including underpayment of wages resulting from HA's common compensation policies and practices. Any defenses that likely will be asserted against Otico are typical of the defenses that likely will be asserted against the classes as well.

  **23.** **Adequacy**: Otico will fairly and adequately protect the classes' interests because he has no conflicts with the classes' interests and has retained counsel experienced in pursuing complex class action litigation.  Otico and her counsel will adequately and vigorously represent the Classes' interests.

  **24.** **Superiority**: First, collective action and class action treatments are superior to other available methods because they will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  Second, absent a collective or class action, there likely will be no lawsuits to recover the unpaid wages owed to Otico and the classes because the amounts owed to each member are too small to warrant filing individual lawsuits. Third, because members of the classes are likely to be reluctant to file an individual lawsuit in fear of retaliation and so to not allow the classes to proceed would allow HA to retain the benefit of its wrongdoing and continue its conduct. Fourth, the prosecution of separate actions by individual class members would create the risk of inconsistent or varying

adjudications with respect to individual members and thus would result in incompatible standards of conduct for HA.  And fifth, no difficulties will likely to be encountered in managing this case as a collective or class action, particularly since the members are readily identifiable from records that HA is legally required to maintain.

## VI.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Failure To Pay Minimum Wages Under FLSA

### (By FLSA Collective Against HA)

25.　Otico re-alleges and incorporates all preceding paragraphs.

26.　Otico and the FLSA Collective were non-exempt employees of HA covered by the Title 29 U.S.C. § 203(e)(1) of the FLSA, which states that an employee "means any individual employed by an employer," and that an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee."

27.　Under Title 29 U.S.C. § 206, Otico and the FLSA Collective are entitled to receive at least a minimum wage for all hours worked.  Under Title 29 U.S.C. § 203(g), "hours worked" includes all hours employees are suffered or permitted to work.

28.　HA required the FLSA Collective to attend training sessions, including Airport Customer Service Training.  The FLSA Collective was entitled to be compensated for the time associated with attending training sessions.  HA, however, failed to pay the FLSA Collective at least minimum wage for all of the time spent in mandatory training sessions, as well as the time spent studying for the training sessions, in violation of Title 29 U.S.C. § 206.

29.　As a result Otico and the FLSA Collective suffered damages as they were not paid minimum wages for all hours actually worked.

30.　Otico seeks collective-wide compensation for HA's unlawful conduct and will take the appropriate steps to notify and join the FLSA Collective under 29 U.S.C. § 216(b) via written joinder consents.

31.　Under Title 29 U.S.C. §§ 206 and 216(b), Otico and the FLSA Collective are

entitled to recover the full amount of unpaid minimum wages, liquidated damages, interest thereon, reasonable attorney's fees and the costs of suit.

## SECOND CLAIM FOR RELIEF

### Failure To Pay Overtime Wages Under FLSA

### (By FLSA Collective Against HA)

32. Otico re-alleges and incorporates all preceding paragraphs.

33. Under Title 29 U.S.C. § 207, Otico and the FLSA Collective were entitled to receive overtime at a rate of 1.5 times their regular rate for any hours worked in excess of 40 hours in a week. During their employment for HA, Otico and the FLSA Collective worked over 40 hours in a week.

34. HA had a policy and practice of willfully not paying Otico and FLSA Collective overtime wages for overtime hours worked. HA required Otico and the FLSA Collective to attend mandatory training sessions and studying for the training sessions. Performing those tasks required Otico and the FLSA Collective to work more than 40 hours during the workweek.

35. As a result, Otico and FLSA Collective suffered damages as they were not paid a proper overtime rate for all hours they worked in excess of 40 hours per week.

36. Otico seeks collective-wide compensation for HA's unlawful conduct and will take the appropriate steps to notify and join the FLSA Collective under 29 U.S.C. § 216(b) via written joinder consents.

37. Under Title 29 U.S.C. §§ 207 and 216(b), Otico and the FLSA Collective is entitled to recover the full amount of unpaid overtime wages, interest thereon, liquidated damages, reasonable attorney's fees and the costs of suit.

## THIRD CLAIM FOR RELIEF

### Failure to Pay All Hourly Wages Owed

### (By California Class Against HA)

38. Otico re-alleges and incorporates all preceding paragraphs.

39. HA had a policy and practice of not paying Trainees for the time they spent attending and studying for HA's mandatory training programs.

**40.** Trainees are owed wages for "all hours worked" under IWC Order 4-2001 ¶4(a), California Labor Code section 1194 (all employees are entitled to minimum wage), and California Labor Code Section 510 (all employees are entitled to overtime compensation in for hours worked in excess of eight per day and forty per week) and applicable California laws, rules, orders, requirements, and regulations.

**41.** Otico and the California Class request recovery of wages according to proof plus penalties, interest, attorney's fees and costs pursuant to sections 218.5, 510, and 1194 of the California Labor Code, IWC Order No. 4-2001, or any other California statutory, regulatory, or common law authority.

**FOURTH CLAIM FOR RELIEF**

**Failure to Pay Overtime Compensation**

**(By California Class Against HA)**

**42.** Otico re-alleges and incorporates all preceding paragraphs.

**43.** Under California Labor Code Sections 510 and 1194, among other applicable sections, Trainees are entitled to overtime pay when they are required to work over 8 hours per workday and 40 hours per workweek, and/or on the seventh day of the workweek.

**44.** In California, eight hours of labor constitutes a day's work, and employment beyond eight hours in any workday or more than six days in any workweek is permissible provided the employee is compensated for the overtime at not less than: (1) one and one-half times the employee's regular rate of pay for all hours worked in excess of eight hours up to and including 12 hours in any workday, and for the first eight hours worked on the seventh consecutive day of work in a workweek; and (2) double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight on the seventh consecutive day of work in a workweek.

**45.** HA had a policy and practice of not paying Otico and Trainees for any overtime resulting from the time Trainees spent attending and studying for HA's mandatory training programs.

**46.** Otico and the California Class were not exempt from California's overtime law

47. Otico and the California Class should have received overtime wages and thus request recovery of overtime compensation according to proof, plus penalties, interest, attorney's fees and costs pursuant to Sections 218.5, 226, 510, 558, 1194, and 1197.1 of the California Labor Code, the relevant California Industrial Welfare Commission Wage Orders, or any other statutory, regulatory, or common law authority.

### FIFTH CLAIM FOR RELIEF

**Failure To Provide Accurate Wage Statements**

**(By California Class Against HA)**

48. Otico re-alleges and incorporates all preceding paragraphs.

49. California Labor Code § 226(a) requires employers semi-monthly, or at the time of each payment of wages, to furnish each employee with a statement itemizing with the applicable pay rate, the total hours worked by the employee or other basis upon which compensation is determined. California Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide such a statement, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

50. HA knowingly and intentionally failed to furnish and continue to knowingly and intentionally fail to furnish Otico and the California Class with accurate statements, as required by California Labor Code § 226(a). As a result, HA is liable for the amounts provided by California Labor Code § 226 in addition to attorney's fees, interest and costs of suit.

### SIXTH CLAIM FOR RELIEF

**Failure To Pay Final Wages**

**(By California Subclass Against HA)**

51. Otico re-alleges and incorporates all preceding paragraphs.

52. As described above, HA failed to timely pay Otico and the California Subclass all wages owed for training and studying time. This failure continued through the time in which Otico and the California Subclass quit or were discharged from their employment. As a result, HA violated California Labor Code §§ 201 and 202.

**53.** HA violated California Labor Code §§ 201 and 202 by failing to pay pilots who quit or were discharged all of the wages owed under the timelines provided in those sections. HA willfully failed to pay all wages owed. This failure was not inadvertent or accidental. As such, Otico and the California Subclass are entitled to 30 days wages, which is calculated under California case law as 30 working days including overtime.

**54.** More than 30 days have past since affected California Subclass members have left HA. On information and belief, these members have not received payment under Labor Code § 203. As a consequence of HA's willful conduct in not paying all earned wages, Otico and the California Subclass are entitled to 30 days' wages as a penalty under Labor Code § 203 for failure to pay legal wages, together with interest thereon, and attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF

**Unlawful Business Practices**

**(By California Class Against HA)**

**55.** Otico re-alleges and incorporates all preceding paragraphs.

**56.** The acts, omissions, and practices of HA as alleged herein constitute unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq.* of the California Business & Professions Code.

**57.** Throughout the class period, HA has engaged in "unlawful" business acts and practices based on the policies and practices described above, including, among other things, their: failure to compensate for all hour worked, failure to compensate for overtime, and failure to provide accurate wage statements.

**58.** Throughout the class period, HA also engaged in "unfair" business acts or practices in that the harm caused by HA's nonpayment of the above-mentioned wages. Moreover, that conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Otico and the California Class, and provides HA with an unfair competitive advantage over those employers that abide by the law and properly compensate their employees in accordance with the law.

**59.** Otico reserves the right to allege other violations of California law that constitute

unlawful acts or practices.

**60.** As a result of the conduct described above, HA has been and will be unjustly enriched at the expense of Otico and the California Class. Specifically, HA has been unjustly enriched by the retention of wages earned and wrongfully withheld from Otico and the California Class.

**61.** HA failed to acknowledge the wrongful nature of its actions. HA has not corrected their policies and practices or provided full restitution and disgorgement of all ill-gotten monies, thereby depriving Otico and the California Class the minimum working conditions and standards due them under California Labor Laws and IWC Wage Orders.

**62.** Under Section 17203 of the California Business & Professions Code, Otico and the California Class seek a court order requiring HA to disgorge all ill-gotten gains and awarding Otico and the California Class full restitution of all monies wrongfully acquired by HA by means of such "unlawful" and "unfair" conduct, plus interest and attorney's fees under Section 1021.5 of the Code of Civil Procedure, so as to restore any and all monies to Otico and the California Class and the general public which were acquired and obtained by means of such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by HA. Otico and the California Class additionally request that the Court impound the funds or impose an asset freeze or constructive trust upon the funds. Otico and the California Class may be irreparably harmed and/or denied and effective and complete remedy if such an order is not granted.

**63.** Under Section 17203 of the California Business & Professions Code, Otico and the California Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring HA to keep accurate records of time worked and to ensure the payment of earned wages.

## VII.

## **PRAYER FOR RELIEF**

**64.** WHEREFORE, Otico, FLSA Collective and California Class request the following relief:

    **a.** An order certifying the classes and designating Otico as the Representative

and her counsel as Collective and Class counsel;

b. That the Court preliminarily and permanently enjoin HA from engaging in the conduct alleged herein;

c. Other injunctive and declaratory relief as may be appropriate;

d. Restitution and disgorgement of any ill-gotten profits from HA to the extent permitted by applicable law, together with interest thereon from the date of payment;

e. For statutory penalties;

f. For liquidated damages;

g. For statutory damages;

h. For general damages;

i. For special damages;

j. For exemplary or punitive damages;

k. A declaration that HA is financially responsible for notifying the classes about the pendency of this action;

l. Reasonable costs and attorneys' fees;

m. Statutory pre-judgment interest; and

n. For such other relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Otico demands a trial by jury trial of all claims asserted in this Complaint so triable.

Dated:  May 11, 2016                    Respectfully Submitted,

**AMARTIN LAW, PC**
 /s/ Alisa A. Martin
ALISA A. MARTIN
alisa@amartinlaw.com
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone:  (619) 308-6880
Facsimile:  (619) 308-6881

**SAN DIEGO COUNTY LAW OFFICES**
LINDSAY C. DAVID

*lcdavid@sdlawoffices.com*
2173 Salk Avenue, Suite 250
Carlsbad, California 92011
Telephone: (760) 206-3566
Facsimile:  (760) 579-7319

*Attorneys for Plaintiff and the Class*

COMPLAINT